UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-00021-DCR-EBA-1

UNITED STATES OF AMERICA,                                                                       PLAINTIFF,

V.                                 **REPORT & RECOMMENDATION**

KENNETH E. KUNKEL,                                                         DEFENDANT.

*** *** *** ***

This matter is before the Court on Defendant Kenneth Kunkel's Motion to Suppress. [R. 13]. Defendant seeks to suppress evidence related to a Glock 21 handgun that was seized on March 12, 2023, during a traffic stop involving the Defendant. [*Id.*]. The USA filed a Response opposing the motion. [R. 17]. A hearing on the matter was then held on February 1, 2024, before the undersigned. [R. 28]. Based on the pleadings and the testimony of Kentucky State Police Trooper Arlie Stidham, the undersigned will recommend that Defendant's motion be denied.

This matter revolves around a traffic stop that occurred on March 12, 2023. On that day, Officer Stidham was informed that Kunkel was beating on the front door of a residence on Chimney Rock Road in Knott County, Kentucky. [R. 17-1 at pg. 7]. En route to the scene, Stidham was informed that Kunkel had left the residence, was provided with a description of Kunkel's car, and was "advised to use caution because Mr. Kenneth Kunkle is known to carry firearms." [*Id.*]. Stidham then stopped a vehicle matching the description of Kunkel's car and identified the Defendant as the driver of the vehicle. [*Id.*]. Trooper Stidham asked Kunkel if there were any firearms in the car and after Defendant denied that any such weapon was in the automobile, Stidham had Kunkel exit the vehicle. [*Id.*]. Stidham then reported that "[a]s Mr. Kenneth Kunkel

was exiting the vehicle, I saw in plain view a Glock 21 handgun between the driver seat and center console." [*Id.*]. Kunkel then denied that the firearm belonged to him and Stidham therein conducted a search of the vehicle and then questioned Kunkel about the car's insurance and ownership. [*Id.*]. The Uniform Citation report also details these events, but first mentions Stidham's and Kunkel's discussion on the car's insurance before stating that the firearm was found once Kunkel exited the car. [*Id.* at pg. 8]. Regardless, after verifying that Kunkel was a convicted felon, Kunkel was arrested and the firearm was seized as evidence. [*Id.* at pg. 7].

Kunkel has now moved to suppress "the evidence of the Glock 21 handgun and any reference to it which was seized on March 12, 2023, during a traffic stop involving the Defendant." [R. 13 at pg. 1]. In support of this motion, Kunkel argues that there are inconsistencies between the Uniform Citation and ATF report that indicate "[e]ither Trooper Stidham first removed Kunkel from the vehicle, discussed insurance and registration, ran the license plate, and then found the gun, long after Kunkel was out of the vehicle, or Trooper Stidham asked Kunkel about firearms, then had Kunkel get out of the vehicle and while Kunkel was getting out, saw the gun, and then discussed the insurance and registration." [*Id.* at pg. 2]. Defendant avers that this is a critical distinction because, if the Uniform Citation report is accurate, the gun would not have been in plain view during the traffic stop and therefore the plain view exception and no other exceptions to the warrant requirement would apply as the seizure of the firearm. [*Id.* at pg. 3]. The USA, however, argues that any discrepancies between the reports are essentially distinctions without a difference and that the plain view or search incident to arrest doctrine apply in this case. [R. 17 at pgs. 4–5].

"Generally, a warrant based on information establishing probable cause is required to search a person or a place and to seize evidence found there." *United States v. McLevain*, 310 F.3d 434, 438 (6th Cir. 2002). However, the courts have recognized several exceptions to the warrant

requirement. For example, "[i]t is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971), holding modified by *Horton v. California*, 496 U.S. 128 (1990). The "plain view doctrine" allows an officer to seize evidence that is in plain view if the following factors are met: "(1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right of access to the object." *United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007) (citing *Horton*, 496 U.S. at 136–37). Another exception is the search incident to arrest exception, which "authorizes the warrantless search of "the arrestee's person and the area 'within his immediate control.' "" *United States v. McCraney*, 674 F.3d 614, 618–19 (6th Cir. 2012) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). "The exception was later extended to allow searches of the passenger compartment of an automobile incident to the lawful custodial arrest of its occupants or recent occupants." *Id.* (citations omitted). To see if this exception applies, the Court will determine if: "(1) 'the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search,' *Gant*, 556 U.S. at 343, 129 S.Ct. 1710; or (2) 'it is reasonable to believe the vehicle contains evidence of the offense of arrest,' *id.* at 351, 129 S.Ct. 1710." *Id.*

      Here, the only factor in dispute for the plain view exception is whether the firearm was in plain view. [*See* R. 17 at pg. 3]. Stidham testified during the February 1st hearing that as soon as Kunkel opened the door and stepped out of the car, the trooper could see the firearm in plain view. Kunkel has presented no evidence to dispute this testimony. Additionally, Stidham's testimony conforms to the reports that were previously completed about the incident in question. [*See* R. 17-1 at pgs. 7–8]. Any discrepancies that exist between the report are not sufficient to contradict Stidham's testimony that the gun was in plain view as Kunkel exited the vehicle. Therefore, the

undersigned will recommend that the plain view doctrine applies in this matter and that no Fourth Amendment violation occurred in this matter. Because the undersigned finds that the plain view doctrine applies, the Court need not examine whether the search incident to arrest would also apply in this case. Accordingly,

## RECOMMENDATION

IT IS RECOMMENDED that Defendant Kennth Kunkel's Motion to Suppress, [R. 13], be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed February 6, 2024.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge