UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 23-021-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENNETH E. KUNKEL, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kenneth Kunkel has been charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). However, he has filed a motion to suppress evidence seized during a traffic stop that occurred in Knott County, Kentucky, on March 12, 2023. [Record No. 13] Specifically, Kunkel seeks to suppress evidence of a Glock 21 handgun discovered when a Kentucky State Police Trooper stopped the vehicle he was driving following a reported domestic disturbance.

The motion was referred to United States Magistrate Judge Edward B. Atkins, who held an evidentiary hearing on February 1, 2024, before issuing a Recommend Disposition. [Record Nos. 28 and 67] Magistrate Judge Atkins recommends that the undersigned deny Kunkel's motion based on the "plain view" exception to the warrant requirement of the Fourth Amendment.

After conducting a *de novo* review, the Court will adopt this recommendation for reasons explained below.

I.

On March 12, 2023, Kentucky State Police Trooper Arlie Stidham responded to a reported domestic disturbance on Chimney Rock Road in Knott County, Kentucky. Trooper Stidham was advised that Defendant Kunkel had been observed "beating on the front door of a residence." [Record No. 30] Shortly thereafter, Trooper Stidham was notified that Kunkel had left the residence and received a description of Kunkel's vehicle from dispatch. Subsequently, the trooper identified Kunkel as the driver of a vehicle matching this description before initiating a traffic stop. Trooper Stidham was "advised to use caution because [] Kunkle [had been] known to carry firearms." *Id*.

Upon approach the defendant's vehicle, Trooper Stidham asked Kunkel as a precaution if there were any firearms in the vehicle. Although Kunkel responded in the negative, the trooper asked him to exit the vehicle. Trooper Stidham reported that "[a]s Mr. Kenneth Kunkel was exiting the vehicle, [he] saw in plain view a Glock 21 handgun between the driver seat and center console." *Id*. Kunkel denied that the firearm belonged to him when asked. *Id*. Stidham then "conducted a search of the vehicle" before questioning Kunkel "about the car's insurance and ownership." *Id*. However, as the Magistrate Judge observes, the Uniform Citation report prepared by Trooper Stidham "details these events, but first mentions Stidham's and Kunkel's discussion on the car's insurance before stating that the firearm was found once Kunkel exited the car." *Id*.

Kunkel moves to suppress evidence of the Glock 21 handgun seized during the traffic stop based on this purported inconsistency in the sequence of events during the stop. He argues that "[e]ither Trooper Stidham first removed Kunkel from the vehicle, discussed insurance and registration, ran the license plate, and then found the gun, long after Kunkel was out of the

- 2 -

vehicle, or Trooper Stidham asked Kunkel about firearms, then had Kunkel get out of the vehicle and while Kunkel was getting out, saw the gun, and then discussed the insurance and registration." [Record No. 13] Kunkel argues that the distinction matters because the gun would not have been in plain view if Trooper Stidham found it in a search conducted after Kunkel exited the vehicle, and, therefore, no exception to the warrant requirement would apply. In other words, the issue here is whether the firearm was within plain view of Trooper Stidham when Kunkel exited the vehicle or if Trooper Stidham discovered it in a subsequent search.

## II.

A warrant based on "information establishing probable cause is required to search a person or a place and to seize evidence found there." *United States v. McLevain*, 310 F.3d 434, 438 (6th Cir. 2002). However, "[i]t is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971), holding modified by *Horton v. California*, 496 U.S. 128 (1990). The "plain view doctrine" allows an officer to seize evidence within view if the following factors are met: "(1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be immediately apparent; and (4) the officer must have a right of access to the object." *See United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007) (citing *Horton*, 496 U.S. at 136-37).

## III.

The Court must determine whether the plain view exception to the warrant requirement applies to the search of Kunkel's vehicle and the seizure of the firearm discovered within it.

As the Magistrate Judge observed, Trooper "Stidham testified . . . that as soon as Kunkel opened the door and stepped out of the car, the trooper could see the firearm in plain view. Kunkel has presented no evidence to dispute this testimony." [Record No. 30] The officer's testimony largely corroborates official reports regarding the encounter as well. [Record No. 17] Although the Uniform Citation does not neatly recall the events sequentially, any administrative discrepancies are insufficient to "contradict Stidham's testimony that the gun was in plain view as Kunkel exited the vehicle." [Record No. 30] Trooper Stidham's discovery of the firearm comports with the criteria set forth in *Garcia*, and the plain view exception to the warrant requirement applies. The undersigned will adopt the Magistrate Judge's Recommended Disposition as a result.

### IV.

This Court considers *de novo* those portions of the Magistrate Judge's recommendations to which timely objections are made under 28 U.S.C. § 636(b)(1)(C). However, neither the United States nor Defendant Kunkel objected to the Magistrate Judge's finding that the search and seizure of the handgun was reasonable under the Fourth Amendment. Therefore, after conducting a *de novo* review of this issue, this Court adopts the Magistrate Judge's finding and will adopt his recommendation for the reasons outlined above.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Edward B. Atkins [Record No. 30] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant Kunkel's motion to suppress evidence of the firearm [Record No. 13] is **DENIED**.

Dated: February 21, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky